IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ERIC FRITZGERALD LEWIS, | ) | 4:13CV3092 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT P. HOUSTON, director, | ) | |
| and FRED BRITTEN, warden, | ) | |
| | ) | |
| Respondents. | ) | |

  This matter is before the court on initial review of Petitioner Eric Lewis's Petition for Writ of Habeas Corpus (Filing No. 1). Petitioner is incarcerated at the Tecumseh State Prison ("TSP") in Tecumseh, Nebraska, based on a 2009 conviction for murder in the second degree. (*Id.* at CM/ECF p. 1.) Petitioner is serving a life sentence. (*Id.*) Petitioner filed his action under 28 U.S.C. § 2254. However, his claim for relief cannot be properly addressed or decided in a habeas corpus proceeding.

### INITIAL REVIEW OF PETITION

  Petitioner claims that he has been held in "lockdown" in the intensive management unit at TSP for the last four years. (Filing No. 1 at CM/ECF p. 5.) He seeks a court order compelling Respondents to "place[] him into general population." (*Id.* at CM/ECF p. 18.)

  The court may entertain a petition for writ of habeas corpus only on the ground that the petition is being held in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). If a petition does not challenge either the fact or length of custody, the court lacks subject-matter jurisdiction and cannot grant the requested relief. *Kruger v. Erickson*, 77 F.3d 1071, 1073-74 (8th Cir. 1996).

Here, Petitioner complains about his classification status within TSP; namely, that he has been placed in an intensive management unit. In other words, Petitioner is challenging the conditions of his confinement (i.e., his security classification), not the fact or duration of his confinement. As such, he cannot bring his claims under the federal habeas corpus statutes. However, Plaintiff may be able to seek relief in a non-habeas civil action.

## CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. The court will not issue a certificate of appealability in this matter.

3. The Clerk of the court is directed to send to Petitioner the Civil Complaint Form and the AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs.

DATED this 26th day of August, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3